1

2

3

4

5

6                    **UNITED STATES DISTRICT COURT**

7                    **EASTERN DISTRICT OF CALIFORNIA**

8

9

10

11  ALBERT TASHCHIAN,                          ) Case No.: 1:25-cv-00752-SKO (HC)
                                               )
12          Petitioner,                        ) ORDER DENYING PETITION FOR WRIT OF
                                               ) HABEAS CORPUS AND DIRECTING CLERK OF
13                                             ) COURT TO ENTER JUDGMENT AND CLOSE
                                               ) CASE
14          v.                                 )
                                               )
15                                             )
                                               )
16  WARDEN OF GOLDEN STATE ANNEX               )
    DETENTION FACILITY, et al.,                )
17                                             )
            Respondents.                       )
18                                             )

19

20          Petitioner is an immigration detainee proceeding pro se and in forma pauperis with a petition

21  for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  All parties have consented to the jurisdiction

22  of a United States Magistrate Judge for all further proceedings in this action, including trial and entry

23  of judgment, pursuant to 28 U.S.C. 636(c)(1). Accordingly, the matter was reassigned to the

24  undersigned for all further proceedings including trial and entry of judgment. (Doc. 10.)

25          Petitioner challenges his continued detention by the Bureau of Immigration and Customs

26  Enforcement ("ICE").  He claims he should be immediately released or granted release on bond,

27  because he has detained for longer than six months with no neutral decisionmaker having conducted a

28  hearing to determine whether his continued incarceration is warranted based on danger or flight risk.

1    Respondent contends that Petitioner's detention is constitutional, and that removal is foreseeable in the

2    near future.  As set forth below, Petitioner is not entitled to release at this time or a bond hearing.

3    **I.      BACKGROUND[1]**

4        Petitioner was born in what is now Armenia, and he was paroled into the United States in 1987

5    while a citizen of the Union of Soviet Socialist Republics ("USSR"). In 2022, Petitioner was convicted

6    in Fresno County Superior Court of dissuading a witness from prosecuting a crime, and was sentenced

7    to two years imprisonment. (Doc. 11-1 at 2.)

8        On December 4, 2024, the Bureau of Immigration and Customs Enforcement ("ICE") took

9    Petitioner into custody and placed him in removal proceedings under Section 237(a)(2)(A)(iii) of the

10   Immigration and Nationality Act ("INA").  On December 16, 2024, an immigration judge ordered

11   Petitioner to be removed to Brazil, or in the alternative, Armenia.  (Doc. 11-1 at 2.) Petitioner waived

12   his rights to appeal and the order became final. (Doc. 11-1 at 2.)

13       On December 19, 2024, ICE prepared and sent an application for a travel document to Brazil.

14   (Doc. 11-1 at 3.) On December 23, 2024, Brazil denied acceptance of Petitioner. (Doc. 11-1 at 3.)

15       On December 27, 2024, ICE prepared and sent an application for a travel document to

16   Armenia. (Doc. 11-1 at 3.) On April 4, 2025, the Armenian consulate denied the application for travel

17   document. (Doc. 11-1 at 3.)

18       On May 19, 2025, ICE prepared and resubmitted the application for a travel document. (Doc.

19   11-1 at 3.)  The application remains pending, and ICE believes there is a significant likelihood of

20   removal in the foreseeable future. (Doc. 11-1 at 3.)

21       On June 20, 2025, Petitioner filed a petition for writ of habeas corpus. (Doc. 1.)  On August 7,

22   2025, Respondent filed a response to the petition. (Doc. 11.)  Petitioner did not file a traverse to the

23   response.

24   **II.     DISCUSSION**

25       Petitioner states he has been continuously detained since approximately December 4, 2024. He

26   claims ICE will not be able to remove him because he is a citizen of the former U.S.S.R., and

27

28   _____
     [1] This information is derived from the parties' pleadings and the exhibits submitted by Respondent.

1   therefore, Armenia will not accept him.  He claims he should be given a bond hearing, or in the

2   alternative, released from custody.

3                    1.      Post-Removal Detention Period

4            The removal period set forth in 8 U.S.C. § 1231(a)(1)(B) is 90 days from the date the order of

5   removal becomes administratively final, and the detention is governed by § 1231(a)(2).  The Attorney

6   General is required to remove the alien from the United States within this 90-day removal period.

7   Beyond the 90 days, ICE has the discretionary authority under § 1231(a)(6) to detain certain aliens or

8   to release them under an order of supervision.  Here, Petitioner has been detained beyond the 90-day

9   removal period.  He was taken into ICE custody on December 4, 2024, and his removal order became

10  final on December 16, 2024.  The parties do not dispute that Petitioner has been detained for

11  approximately six months beyond the general 90-day removal period.

12          Continued detention beyond the removal period is governed by the Supreme Court decision in

13  Zadvydas v. Davis, 533 U.S. 671 (2001).  In Zadvydas, the Supreme Court adopted a presumptively

14  reasonable six-month period of detention.  Id.  Beyond that six-month period, an alien is entitled to

15  relief if he "provides good reason to believe that there is no significant likelihood of removal in the

16  reasonably foreseeable future."  Id. at 701.  "And for detention to remain reasonable, as the period of

17  prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely

18  would have to shrink."  Id.

19          Petitioner has been detained approximately three months beyond the presumptively reasonable

20  six-month period of detention. The Court finds that Petitioner has not met his burden to show that

21  there is no significant likelihood of removal in the reasonably foreseeable future.  As noted by

22  Respondent, although there is an issue as to Petitioner's citizenship status, it is undisputed Petitioner

23  was born in what is now Armenia. Although Armenia initially denied the application for a travel

24  document, ICE resubmitted the application in late May and is currently working toward obtaining a

25  travel document. Given the application for travel document was recently resubmitted, and a decision

26  from Armenia is pending, it cannot be said that Petitioner is unremovable. He has not established that

27  he "is unremovable because the destination country will not accept him or his removal is barred by our

28

3

1    own laws." Prieto-Romero v. Clark, 534 F.3d 1053, 1063 (9th Cir. 2008) (citing Zadvydas, 533 U.S. at

2    697).

3    　　　　The Court further finds that Petitioner's detention to date is not unreasonable. The

4    circumstances of Petitioner's citizenship at the time he was paroled into the United States have created

5    some obstacles. ICE has been diligent in working toward obtaining a travel document for Petitioner's

6    removal. The period of detention beyond that which is considered presumptively reasonable is short –

7    three months. By comparison, in Zadydas, the petitioner had been detained for several years while

8    efforts to remove him to Germany, Lithuania and Dominican Republic had proved unsuccessful, and

9    there was no significant likelihood that the circumstances would change, and deportation would be

10    accomplished. Zadvydas, 533 U.S. at 684-85.

11    　　　　The Court finds that Petitioner has not shown "that there is no significant likelihood of removal

12    in the reasonably foreseeable future." Id. at 70.  Should Armenia again deny the application and the

13    denial is a refusal to accept Petitioner, Petitioner's claim would have more merit. As of now, however,

14    Petitioner has been detained a relatively short period of time beyond the presumptively reasonable

15    time period, an application for travel document is currently pending, and removal remains reasonably

16    foreseeable in the near future.

17    　　　　　　　　2.　　　Bond Hearing

18    　　　　Petitioner also alleges entitlement to a bond hearing. Respondent correctly notes that

19    Petitioner's arguments rely entirely on authority interpreting 8 U.S.C. §§ 1225 & 1226. Petitioner is

20    not being detained pursuant to these statutes, but rather pursuant to § 1231. Petitioner has apparently

21    copied pleadings from other inmates who, unlike him, are contesting their removability while being

22    detained. Petitioner has been ordered removed and waived his rights to appeal; thus these arguments

23    are inapplicable.

24    　　　　Petitioner nevertheless alleges due process entitles him to a bond hearing for his continued

25    detention. He contends the Court should balance certain factors in determining what process is due. As

26    noted by the Eighth Circuit in Banyee v. Garland, 115 F.4th 928, 933 (8th Cir. 2024) (citing Zadvydas,

27    533 U.S. at 682), the Supreme Court in Zadvydas has already done whatever balancing is necessary by

28

4

linking a "reasonable time limitation" to "the likelihood or removal in the reasonably foreseeable future."

## III.    ORDER

Based on the foregoing, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus is DENIED; and

2) The Clerk of Court is directed to enter judgment against Petitioner and close the case.


IT IS SO ORDERED.

Dated:    **September 19, 2025**                    /s/ *Sheila K. Oberto*
                                                    UNITED STATES MAGISTRATE JUDGE

5